**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Andrew Walker, | ) | Case No. 09-12629-RGM |
| | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| W. Clarkson McDow, Jr., | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff. | ) | Adversary Proceeding No. |
| | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Andrew Walker, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

**COMPLAINT OF UNITED STATES TRUSTEE
OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727**

W. Clarkson McDow., Jr., United States Trustee, and files this complaint objecting to the

discharge of Andrew Walker.  In support of this complaint the following representations are made.

**Parties**

1.  W. Clarkson McDow,  Jr., the plaintiff, is the United States Trustee for Region Four.

2.  Andrew Walker is  the debtor/defendant, (hereinafter referred to as the "defendant")

is domiciled in or is a resident of the Commonwealth of Virginia.

Office of United States Trustee
Jack Frankel, Attorney
115 South Union Street
Alexandria, VA 22314
(703) 557-7229                           Page 1 of  4

## Jurisdiction

3. The defendant is a debtor before this court.

4. This court has authority to hear and decide this matter.  28 U.S.C. §§ 1334(a),( b), 157(a) and 11 U.S.C. § 727

5. This adversary proceeding arises in and relates to the chapter 7 case of Andrew Walker.  28 U.S.C. § 157(a)

6. This is a core proceeding. 28 U.S.C. § 157(b)(2)(J)

## Statement of Facts

7. On February 3, 2009, the defendant filed a petition for relief under chapter 7 of the Bankruptcy Code, case number 09-10766-SSM.

8. On February 5, 2009, the Clerk issued a Notice of Deficient Filing to the defendant.

9. On March 12, 2009, the case was dismissed, pursuant to Local Bankruptcy Rule 5005-1(E), for failure to cure the deficiency or request a hearing within the time allowed.

10 On April 6, 2009, the defendant filed the present chapter 7 case.

11. The defendant signed the petition, schedules, and statement of financial affairs, under penalty of perjury, declaring that all the information was true and correct.

12. The defendant did not disclose he had filed a prior bankruptcy case within the past eight years.

13. On April 10, 2009, the court entered an Order to Debtor [Doc 7] that, among other things, required the defendant to obey all orders of the court.

14. The Order to Debtor was served on the defendant by first class mail, United States mail, postage prepaid, at the defendant's address of record.

15.  On June 10, 2009, the court entered Order Granting Rule 2004 Examination. [Doc 19] The order authorized the United States Trustee to examine the defendant under Federal Rule of Bankruptcy Procedure 2004 and to request the production of documents as provided in Federal Rule of Bankruptcy Procedure 9016.

16.  The Order Granting Rule 2004 Examination was served by first class mail, United States mail, postage prepaid, at the defendant's address of record.

17.  On June 22, 2009, pursuant to the Order Granting Rule 2004 Examination, a subpoena was served on the defendant by first class mail, postage prepaid, United States mail, at the defendant's address of record.

18.  The subpoena directed the defendant to appear at the Office of the United States Trustee on July 8, 2009, at 3:00 p.m.

19.  The defendant did not appear for the scheduled examination.

20.  On August 19, 2009, the court entered a Rule to Show Cause [Doc 37] ordering the defendant, among other things, to appear before the court on October 13, 2009, at 10:00 a.m. and show cause why he should not be held in civil contempt and sanctioned accordingly.

21.  The Rule to Show Cause was served on the defendant by first class mail, United States mail, postage prepaid at the defendant's address of record.

22.  The defendant did not appear at court on October 13, 2009.  The defendant did not file a response to the Rule to Show Cause.

23.  On October 13, 2009, the court ordered the case dismissed with prejudice and imposed a $1,000 sanction against the defendant.  On November 10, 2009, the show cause was dismissed and the case reinstated.

24.  The defendant did not disclose on schedule B that he was the payee for a promissory note, dated April 5, 2006, in the face amount of $18,655, from Lorraine Walker.

## Count 1- 11 U.S.C. § 727(a)(4)(A)

### False Oaths in Connection with Bankruptcy Case

25.  The allegations set forth in paragraphs 1-24 are incorporated by reference.

26.  The defendant made false oaths in connection with this case.  He failed to disclose a prior bankruptcy within eight years and failed to disclose that he is the payee of a promissory note.

Wherefore, the discharge of the defendant should be denied for knowingly and fraudulently making a false oath in connection with this case.  11 U.S.C. § 727(a)(4)(A)

## Count 2 - 11 U.S.C. § 727(a)(6)

### Refusal to Obey Lawful Orders of the Court

27.  The allegations set forth in paragraphs 1-26 are incorporated by reference.

Wherefore the discharge of the defendant should be denied for refusing to obey lawful orders of the court.  11 U.S.C. § 727(a)(6)

W. CLARKSON MCDOW, JR.
UNITED STATES TRUSTEE

/s/ Jack Frankel
Jack Frankel, Attorney
Office of United States Trustee
115 South Union Street
Alexandria, VA 22314
(703) 557-7229

Complaint Objecting to Discharge
Andrew Walker                          Page 4 of  4