Bankruptcy Case No.  09-12629-RGM

Adversary Proceeding No.  09-01385-RGM

# CERTIFICATE OF SERVICE

I, Jack Frankel _____, certify that I am, and at all times during the service of process was, not less than
    (name)
18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this
summons and a copy of the complaint was made  November 29, 2009 _____ by:
                                                          (date)

**X**   Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
        Andrew Walker                          Richard A. Bartl, Esq., Tyler, Bartl, Ramsdell & Counts
        PO 822                                 700 South Washington Street, Suite 216
        Bristow, VA 20136                      Alexandria, VA 22314
___     Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:


___     Residence Service: By leaving the process with the following adult at:


___     Certified Mail Service on an Insured Depository Institution:  By sending the process by certified mail addressed to the
        following officer of the defendant at:


___     Publication: The defendant was served as follows: [Describe briefly]


___     State Law: The defendant was served pursuant to the laws of the State of _____ ,
        as follows: [Describe briefly]                                            (name of state)


Under penalty of perjury, I declare that the foregoing is true and correct.


    November 29, 2009                          /s/ Jack Frankel
    _____                _____
            Date                                       Signature

| Print Name | | |
| --- | --- | --- |
| Jack Frankel | | |
| **Business Address** | | |
| Office of US Trustee, 115 South Union Street | | |
| **City** | **State** | **Zip** |
| Alexandria, | Virginia | 22314 |

[ver. 05/02]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
_____ Alexandria _____ Division

In re  Andrew Walker

|  | Case No.  09-12629-RGM |
|---|---|
| Debtor(s) | Chapter   7 |

W. Clarkson McDow, Jr., ll

|  |  |
|---|---|
| v. | Plaintiff(s) | Adversary Proceeding No.  09-01385-RGM |

Andrew Walker

Defendant(s)

## SUMMONS AND NOTICE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.  **Motion or Answer is due by** ___Dec. 28, 2009_____.
If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

> ***ADDRESS OF CLERK:***  William C. Redden, Clerk
> United States Bankruptcy Court
> 200 S. Washington Street
> Alexandria, VA  22314

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> ***NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:***  Jack Frankel
> Office of the U.S. Trustee
> 115 South Union Street, Ste. 210
> Alexandria, VA 22314

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

> ***ADDRESS:***  United States Bankruptcy Court
> Judge Mayer's Courtroom, Courtroom III
> 200 S. Washington Street, 3rd Fl.
> Alexandria, VA  22314
>
> ***Room:*** III
>
> ***Date and Time:***
> May 10, 2010
> 9:30am

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE  RELIEF DEMANDED IN THE COMPLAINT.**

WILLIAM C. REDDEN, CLERK OF COURT

Date  __November 25, 2009_____   By: __/s/ Marietta Dixon_____
Deputy Clerk



*[Note: It is the responsibility of counsel for the plaintiff/movant to advise the Court of any settlement or any other valid reason that a Court scheduled pretrial conference, hearing or trial need not be conducted.  Counsel are advised to provide the Court with such notification as far in advance of any such conference, hearing or trial as is practical under the circumstances.  Failure of such counsel to properly and timely notify the Court may result in the imposition of sanctions.  Local Bankruptcy Rule 9013-1(O)].*

[vcr. 05/08]

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:  Andrew Walker

Debtor,

W. Clarkson McDow, Jr., 11

Plaintiff,

vs.

Andrew Walker

Defendant,

Case No.  09-12629-RGM
Chapter   7

Adv. Proc. No.  09-01385-RGM

## INITIAL SCHEDULING ORDER

1. **Motions must be promptly set for hearing.** Any motion to dismiss or for more definite statement shall be noticed by the movant at the same time as it is filed for a hearing on the nearest available motions day that provides 15 days notice. *Failure to notice such motions for a hearing may result in the summary denial of the motion.* Available motions dates may be obtained from the clerk.

2. **Discovery Meeting and Commencement of Discovery.** The attorneys and any party not represented by an attorney shall meet to formulate a discovery plan as required by F.R.Bankr.P. 7026 and F.R.Civ.P. 26(f) no later than 40 days after the issuance of the summons. The meeting may be in person or by telephone. Discovery may be commenced 40 days after the issuance of the summons, or, if earlier, after the discovery meeting provided that the parties have agreed upon a discovery plan.

3. **Initial Pretrial Conference.** An initial pretrial conference under F.R.Bankr.P. 7016 and F.R.Civ.P. 16(a) shall be held on _____Feb. 8, 2010_____ at 9:30 a.m. in Courtroom III, Martin V.B. Bostetter, Jr., United States Courthouse, 200 South Washington Street, Alexandria, Virginia, to establish a discovery plan, if **at least 10 days before the date of the initial pretrial conference** the parties file a proposed discovery plan or either party files a statement that the discovery plan contained in paragraph 4 of this order is not appropriate for this case and that the parties have been unable to agree on a discovery plan. **The motion to establish a discovery plan should be noticed for a hearing using the above referenced date and time.** Otherwise, the initial pretrial conference will not be held and the discovery plan set forth in this order will control.

4. **Discovery Plan.** Unless modified by order of this court, the following shall constitute the discovery plan for this adversary proceeding:

a. The initial disclosures required by F.R.Civ.P. 26(a)(1) shall be made not later than the date shown above for the initial pretrial conference.

b. The parties shall make the expert witness disclosures required by F.R.Civ.P. 26(a)(2), except rebuttal expert witness disclosures, not later than 60 days after issuance of the summons. Rebuttal expert witness disclosures shall be made within 90 days after issuance of the summons.

c. All discovery shall be **concluded** within 120 days after issuance of the summons and shall be **initiated** by such date as will allow the full period for response permitted by the Federal Rules of Civil Procedure, unless such period is reduced by the court or by stipulation of the parties.

d. No party may serve on another party more than of 25 interrogatories or 30 requests for admission, or take more than 5 depositions.

5. **Final Pretrial Conference.** A final pretrial conference shall be held on _____May 10, 2010_____, at 9:30 a.m. in Courtroom III, Martin V.B. Bostetter, Jr., United States Court House, 200 South Washington Street, Alexandria, Virginia, at which an early trial date will be set. *At or before such conference, the parties must make the disclosure of trial witnesses and exhibits required by F.R.Civ.P. 26(a)(3). The witness list and the original and two copies of the exhibits — each properly bound, indexed and tabbed — must be filed with the court at or before the final pretrial conference.* Objections to exhibits must be served on the parties and filed with the court within 7 days after the final pretrial conference. Objections not made, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause and the exhibits will stand as admitted.

6. **Summary Judgment Motions.** All motions for summary judgment shall be filed not later than ten days after the close of discovery and shall be set for hearing on the next motions day that provides at least 15 days notice.

7. **Availability of Mediation.** Pursuant to General Order 92-1-2, Adoption of Procedures For Mediation of Adversary Proceedings and Contested Matters, this case may be assigned to mediation by joint request of the parties at any time sufficiently in advance of a scheduled trial as to not delay the trial or by the Court at either the initial or final pre-trial conference. To request mediation, the parties must submit a praecipe signed by all counsel (or by the parties themselves, if not represented by counsel) requesting referral to mediation and designating a mutually acceptable mediator and alternate, or if the parties cannot agree on a choice of mediator, a statement to that effect. A list of volunteer mediators approved by the Court is available from the clerk. If the parties agree on a mediator and an alternate, the Clerk will enter an order referring the matter to mediation; otherwise the Court will designate the mediator and alternate and enter the order.

8. **Service of Order by Plaintiff.** The clerk shall provide a copy of this order, the Instructions for Preparing Exhibit List, and the form Exhibit List to the plaintiff, who shall serve it on all defendants with the summons and complaint.

Alexandria, Virginia
Date: _November 25, 2009_____

**FOR THE COURT**
William C. Redden, Clerk
United States Bankruptcy Court

By: /s/ Marietta Dixon _____ _____
                    Deputy Clerk

NOTICE OF JUDGMENT OR ORDER
ENTERED ON DOCKET

_November 25, 2009_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Andrew Walker, | ) | Case No. 09-12629-RGM |
| | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| W. Clarkson McDow, Jr., | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff. | ) | Adversary Proceeding No. |
| | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Andrew Walker, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT OF UNITED STATES TRUSTEE
## OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727

W. Clarkson McDow., Jr., United States Trustee, and files this complaint objecting to the

discharge of Andrew Walker.  In support of this complaint the following representations are made.

### Parties

1.  W. Clarkson McDow,  Jr., the plaintiff, is the United States Trustee for Region Four.

2.  Andrew Walker is  the debtor/defendant, (hereinafter referred to as the "defendant")

is domiciled in or is a resident of the Commonwealth of Virginia.

Office of United States Trustee
Jack Frankel, Attorney
115 South Union Street
Alexandria, VA 22314
(703) 557-7229                            Page 1 of 4

## Jurisdiction

3. The defendant is a debtor before this court.

4. This court has authority to hear and decide this matter. 28 U.S.C. §§ 1334(a),( b), 157(a) and 11 U.S.C. § 727

5. This adversary proceeding arises in and relates to the chapter 7 case of Andrew Walker. 28 U.S.C. § 157(a)

6. This is a core proceeding. 28 U.S.C. § 157(b)(2)(J)

## Statement of Facts

7. On February 3, 2009, the defendant filed a petition for relief under chapter 7 of the Bankruptcy Code, case number 09-10766-SSM.

8. On February 5, 2009, the Clerk issued a Notice of Deficient Filing to the defendant.

9. On March 12, 2009, the case was dismissed, pursuant to Local Bankruptcy Rule 5005-1(E), for failure to cure the deficiency or request a hearing within the time allowed.

10 On April 6, 2009, the defendant filed the present chapter 7 case.

11. The defendant signed the petition, schedules, and statement of financial affairs, under penalty of perjury, declaring that all the information was true and correct.

12. The defendant did not disclose he had filed a prior bankruptcy case within the past eight years.

13. On April 10, 2009, the court entered an Order to Debtor [Doc 7] that, among other things, required the defendant to obey all orders of the court.

14. The Order to Debtor was served on the defendant by first class mail, United States mail, postage prepaid, at the defendant's address of record.

Complaint Objecting to Discharge
Andrew Walker                    Page 2 of 4

15. On June 10, 2009, the court entered Order Granting Rule 2004 Examination. [Doc 19] The order authorized the United States Trustee to examine the defendant under Federal Rule of Bankruptcy Procedure 2004 and to request the production of documents as provided in Federal Rule of Bankruptcy Procedure 9016.

16. The Order Granting Rule 2004 Examination was served by first class mail, United States mail, postage prepaid, at the defendant's address of record.

17. On June 22, 2009, pursuant to the Order Granting Rule 2004 Examination, a subpoena was served on the defendant by first class mail, postage prepaid, United States mail, at the defendant's address of record.

18. The subpoena directed the defendant to appear at the Office of the United States Trustee on July 8, 2009, at 3:00 p.m.

19. The defendant did not appear for the scheduled examination.

20. On August 19, 2009, the court entered a Rule to Show Cause [Doc 37] ordering the defendant, among other things, to appear before the court on October 13, 2009, at 10:00 a.m. and show cause why he should not be held in civil contempt and sanctioned accordingly.

21. The Rule to Show Cause was served on the defendant by first class mail, United States mail, postage prepaid at the defendant's address of record.

22. The defendant did not appear at court on October 13, 2009. The defendant did not file a response to the Rule to Show Cause.

23. On October 13, 2009, the court ordered the case dismissed with prejudice and imposed a $1,000 sanction against the defendant. On November 10, 2009, the show cause was dismissed and the case reinstated.

Complaint Objecting to Discharge
Andrew Walker Page 3 of 4

24. The defendant did not disclose on schedule B that he was the payee for a promissory note, dated April 5, 2006, in the face amount of $18,655, from Lorraine Walker.

## Count 1- 11 U.S.C. § 727(a)(4)(A)

### False Oaths in Connection with Bankruptcy Case

25. The allegations set forth in paragraphs 1-24 are incorporated by reference.

26. The defendant made false oaths in connection with this case. He failed to disclose a prior bankruptcy within eight years and failed to disclose that he is the payee of a promissory note.

Wherefore, the discharge of the defendant should be denied for knowingly and fraudulently making a false oath in connection with this case. 11 U.S.C. § 727(a)(4)(A)

## Count 2 - 11 U.S.C. § 727(a)(6)

### Refusal to Obey Lawful Orders of the Court

27. The allegations set forth in paragraphs 1-26 are incorporated by reference.

Wherefore the discharge of the defendant should be denied for refusing to obey lawful orders of the court. 11 U.S.C. § 727(a)(6)

W. CLARKSON MCDOW, JR.
UNITED STATES TRUSTEE

_Jack Frankel_

Jack Frankel, Attorney
Office of United States Trustee
115 South Union Street
Alexandria, VA 22314
(703) 557-7229

Complaint Objecting to Discharge
Andrew Walker                          Page 4 of 4

B104 (FORM 104) (08/07)                                                                                                        EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>W. Clarkson McDow, Jr.<br>United States Trustee | DEFENDANTS<br>Andrew Walker |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Office of United States Trustee, Jack Frankel, Attorney<br>115 South Union Street, Suite 210<br>Alexandria, VA 22314 (703) 557-7229 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor   ☒ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. Section 727 Objection to Discharge

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief   imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Andrew Walker | | BANKRUPTCY CASE NO.<br>09-12629-RGM | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | | DIVISION OFFICE<br>Alexandria | NAME OF JUDGE<br>Robert G. Mayer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Jack Frankel | | | |
| DATE<br><br>November 23, 2009 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Jack Frankel | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:   Andrew Walker

          Debtor(s)                                    Case No.  09-12629-RGM

W. Clarkson McDow, Jr., 11

          Plaintiff(s)                                 Chapter  7

v.

Andrew Walker

          Defendant(s)                                 Adversary Proceeding
                                                       No.        09-01385-RGM

**CERTIFICATION AS TO GOOD FAITH SETTLEMENT CONFERENCE**
**AND MEDIATION**

The undersigned counsel for all parties in the above-titled litigation do certify as follows:

1.     That a good faith settlement conference was held on the _____ day of
       _____, 20 ___ attended by the parties or duly-authorized agents of the parties
       with full authority to settle and that a full discussion was held, and the parties were unable to reach
       a settlement of the matter.  The remaining unresolved issues are set forth on the attachment
       hereto.

2.     That subsequent to the good faith settlement conference all parties or their duly authorized
       representatives discussed the reference of the above-styled matter to a mediator to attempt to
       settle the matter and that the parties were unable to agree that the matter should go to mediation.


_____          _____
Counsel for Plaintiff/Movant            Counsel for Defendant


_____          _____
Counsel for:                            Counsel for:

All counsel who have affixed their signature above do hereby certify that this Certification has been signed
by all necessary parties and their duly-authorized representatives.

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

IMPORTANT INSTRUCTIONS-PLAINTIFF/PLAINTIFF'S COUNSEL
(COMPLAINTS)

The issuance of this summons and notice of pre-trial conference is made in accordance with Federal Rule of Bankruptcy Procedure 7004 and you are directed to effect service on the defendant(s) within the time prescribed and in a manner authorized by said Rule (10 days). If service is made by certified mail, a return receipt showing to whom, date and address where delivered must be attached to the Affidavit of Service. Service of a copy of the summons and notice must also be made to the defendant's attorney and to the Interim Trustee in bankruptcy if one has been appointed, or to the United States Trustee if no appointment has yet been made. The affidavit of service must be properly executed under penalty of perjury and the copy of the summons and notice provided herewith for this purpose must be returned to the Court promptly.

Failure to properly comply with these instructions may cause this proceeding to be dismissed. **Please Refer to the Initial Scheduling Order for important deadlines.**

**WILLIAM C. REDDEN**

Clerk, U.S. Bankruptcy Court

Bankruptcy Case No. 09-12629-RGM

Adversary Proceeding No. 09-01385-RGM

## CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the service of process was, not less than
      (name)
18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this
summons and a copy of the complaint was made _____ by:
                                (date)

___    Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

___    Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

___    Residence Service: By leaving the process with the following adult at:

___    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the
following officer of the defendant at:

___    Publication: The defendant was served as follows: [Describe briefly]

___    State Law: The defendant was served pursuant to the laws of the State of _____ ,
as follows: [Describe briefly]                                    (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____       _____
        Date                                   Signature

**Print Name**
_____

**Business Address**
_____

**City**                    **State**                **Zip**

[ver. 05/02]

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

### INSTRUCTIONS FOR PREPARING EXHIBIT LIST,
### PRE-MARKING EXHIBITS AND USING DEPOSITIONS

## EXHIBIT LIST

The Exhibit List must be typewritten and double-spaced, and should describe briefly each Exhibit to be introduced at trial. The "admitted" and "identified" columns should be left blank.

## EXHIBITS

**Each Exhibit should be numbered using a pre-printed, colored, adhesive label, in accordance with the following:**

| | | | |
|---|---|---|---|
| **\*Plaintiff** | - | **Yellow - Numerically, beginning with #1** | |
| **\*Defendant** | - | **Blue   -** | **Alphabetically, e.g. A,B,C;** |
| | | | **AA, AB, AC; BA, BB, BC, etc.** |

**\*In cases with more than one party, please identify the appropriate party on each Exhibit.**

The adhesive labels should be fixed at the bottom of the Exhibit. Each Exhibit should be listed by number on the Exhibit List.

Any Exhibit which exceeds five (5) pages in length must have all pages of such Exhibit marked with the page number in the lower right hand corner.

If an Exhibit is a small document, such Exhibit must be stapled to a sheet of standard-sized paper and the Exhibit label affixed to the bottom of the sheet of paper. In the case of a group of photographs or checks, please affix a separate label to each item and number as follows: 1-A, 1-B, 1-C, or A-1, A-2, A-3, etc.

If there are more than five (5) Exhibits, they must be firmly bound and tabbed. The original and two copies of both the Exhibits and Exhibit List should be filed with the Court and copies exchanged between counsel by the date set forth in the Initial Scheduling Order.

It is desirable that counsel stipulate to the admissibility of as many Exhibits as possible, so that such Exhibits may be admitted into evidence at the beginning of trial.

## DEPOSITIONS

Only those portions of a deposition to be considered by the court may be filed as an exhibit. A summary of the testimony to be considered shall be attached to the exhibit identifying by page and line number those portions to be considered by the court.

Objections to the portions designated shall be included in the objections to exhibits as required by the Initial Scheduling Order.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

In re                                                            Case No. __09-12629-RGM_____

    **Andrew Walker**

                                    Chapter __7_____

                    Debtor(s)

**W. Clarkson McDow, Jr., 11**

                    Plaintiff(s)                          Adv. Pro. No. __09-01385-RGM____

v.

**Andrew Walker**

                    Defendant(s)

### EXHIBIT LIST FOR

_____

| Exhibit Number/Alphabet | Identified | Admitted | Description |
| --- | --- | --- | --- |

*[Note: Additional pages of this Exhibit List need not contain the full caption.]*